## May Estate

*Alfred Jackson*, for executor.

*Lester L. Greevy* and *Martin M. Fine*, for exceptants.

WILLIAMS, P. J., March 6, 1962.—After the death of Elizabeth Jane May, there was found among her effects an envelope with the word "will" marked on the outside.

In this envelope were seven sheets of paper, all in decedent's own handwriting.

Four of these sheets are on unlined paper and there appears to be no objection as to these four sheets and the fact that they make a valid will. These four sheets are dated December 15, 1948, and decedent signed her name at the end of the fourth sheet.

This dispute comes about because of the three other sheets of paper, none of which were dated or signed.

The first extra sheet reads as follows:

"Pay to

"Roland & Agnes Arp $1000 one thousand Dollars 614 Sherdon St., Williamsport, Pa., Luther Bordy

$1000 one thousand Dollars, Montoursville, Pa. If there is any other money left and the money from the sale I want it divided equle between Charles Entz, Montoursville, Pa. Route No. 1, Mary G. Pentz & Helen E. Pentz, Montoursville Route No. 1, Elizabeth Jane Entz, Beech Creek Route No. 1, Arlene Ryder & Ople Swartz, Muncy, Pa., Route No. 2, Kenneth Entz, 177 Burbank St., Johnson City, New York"

The second sheet reads as follows:

"Pay to

"Laura & Walter Austin 3000 Three Thousand dollars"

The third sheet reads as follows:

"I want Laura & Walter Austin to have my 3 piece living room suit and my platform rocker."

The ones objecting to these three additional sheets of papers argue that in order to incorporate a particular extraneous instrument in a will by reference there must be an actual reference in the will to the papers sought to be incorporated and this reference must be definite and precise, and must clearly manifest the intention of the testator to incorporate the instrument in his will as a part thereof: 57 Am. Jur. 195, §235; Summary of Pa. Jur., Intestacy and Wills, §169.

The last will and testament has incorporated in it the following: "Item VI. My furniture and money, if any left, is to go to the ones I have named in the envelopes".

We are of the opinion that there is sufficient reference in this will to permit the three extra sheets to be identified readily. There is an envelope on the outside of which is marked "will" and all seven sheets of paper were included in this envelope.

The opponents to these three sheets of paper, however, argue that the three sheets of paper were not in existence at the time the will was executed, and of course, this existence is necessary. The most import-

ant requisite to the incorporation of an intrinsic document into a will by reference is that it must be in existence at the time the will is executed. The executor cannot reserve to himself the power to modify the will by an instrument subsequently prepared and not executed in the manner required by the statute: 57 Am. Jur. 194, §234; Magoohan's Appeal, 117 Pa. 238. We are of the opinion that there is sufficient in the testimony that has been taken before this court to raise a question as to whether or not the three sheets of paper found in the envelope were adequately referred to and as to whether or not they were in existence when the will was executed, and therefore, we are going to grant an issue in this matter and turn the matter over for jury trial.

### Order

And now, March 6, 1962, it is ordered and decreed that there being a substantial dispute upon material questions of fact, and the court deeming it expedient to grant an issue d. v. n. with respect to the three sheets of paper found with the last will and testament of Elizabeth Jane May, it is ordered and decreed that an issue be granted as follows:

The following is incorporated in the last will and testament of Elizabeth Jane May: "Item VI. My furniture and money, if any left, is to go to the ones I have named in the envelope". Does this refer to sheet no. 1, which reads as follows:

"Pay to

"Roland & Agnes Arp $1000 one thousand Dollars 614 Sherdon St., Williamsport, Pa., Luther Bordy $1000 one thousand Dollars, Montoursville, Pa. If there is any other money left and the money from the sale I want it divided equle between Charles Entz, Montoursville, Pa. Route No. 1, Mary G. Pentz & Helen E. Pentz, Montoursville Route No. 1, Elizabeth Jane Entz,

Beech Creek Route No. 1, Arlene Ryder & Ople Swartz, Muncy, Pa., Route No. 2, Kenneth Entz, 177 Burbank St., Johnson City, New York?"

Does the above quotation in the last will and testament refer to sheet no. 2, which reads as follows:

"Pay to

"Laura & Walter Austin 3000 Three Thousand dollars?"

Does the above quotation refer to sheet no. 3 which reads as follows:

"I want Laura & Walter Austin to have my 3 piece living room suit and my platform rocker?"

Was sheet no. 1 in existence at the time the four-page will was executed?

Was sheet no. 2 in existence at the time the four-page will was executed?

Was sheet no. 3 in existence at the time the four-page will was executed?

It is further ordered and decreed that at the next court for jury trials in common pleas that a jury be impaneled for the orphans' court to try the above questions.